UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUADA HADZIJIC.,

                             Plaintiff,

        -against-

ART FOOD LLC, and DIANA GETCHIUS

                             Defendants.

Index No.: 24-cv-7205-LGS-GWG

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO ENFORCE THE PARTIES' SETTLEMENT**

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... i

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.  The Court Should Not Consider Plaintiff's Untimely Opposition ..................................... 2

II. The Twenty-One Day Consideration Period of the General Obligations Law § 5-336 Is Not Applicable to the Binding and Enforceable Term Sheet ............................................................................................... 3

III. The Term Sheet is Binding and Enforceable Based on Plain Language ............................................................................................................................ 5

CONCLUSION .................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

Adjustrite Sys. v. GAB Bus Servs.,
   145 F.3d (2d Cir. 1998)...............................................................................................5

Atkins v. Chappius,
   No. 13-cv-00956-CJS, 2020 U.S. Dist. LEXIS 197745 (W.D.N.Y. Oct. 23,
   2020) ............................................................................................................................3

Bravo v. Grand Review, LLC,
   No. 15-cv-0030-DLI-CLP, 2016 U.S. Dist. LEXIS 36441 (E.D.N.Y. Mar. 18,
   2016) ............................................................................................................................5

Gittens-Bridges v. City of New York,
   No. 19-cv-272-ER, 2022 U.S. Dist. LEXIS 58971 (S.D.N.Y. Mar. 30, 2022) ..........................3

LoSacco v. City of Middletown,
   71 F.3d 88 (2d Cir. 1995)..............................................................................................2

Macleod v. Post Graduate Ctr. For Mental Health,
   No. 14-cv-10041-ALC-JCF, 2016 U.S. Dist. LEXIS 137829 (S.D.N.Y. Sept.
   30, 2016) .................................................................................................................5, 6

In re Mother Hubbard, Inc.,
   152 B.R. 189 (Bankr. W.D. Mich. 1993)....................................................................3

Nugent v. Whole Foods Mkt. Group., Inc.,
   No. 3:22-cv-899-JAM, 2023 U.S. Dist. LEXIS 53643 (D. Conn. March 29,
   2023) ............................................................................................................................3

Shah v. Wilco Sys., Inc.,
   81 A.D.3d 454, 455 (N.Y. App. Div. 1st Dep't. 2011)................................................4

Watson v. City of New York,
   No. 11-cv-335-CBA-CLP, 2012 U.S. Dist. LEXIS 172310 (E.D.N.Y. Oct. 24,
   2012) ............................................................................................................................5

Williams v. City of New York,
   No. 14-cv-183-NGG-LB, 2015 U.S. Dist. LEXIS 13631 (E.D.N.Y. Oct. 5,
   2015) ............................................................................................................................5

Winston v. Mediafare Ent. Corp.,
   777 F.2d 78 (2d Cir. 1985)........................................................................................5, 6

**Statutes**

General Obligations Law § 5-336...................................................................................................3, 4, 6

**Other Authorities**

Fed.R.Civ.P. 16(f)..............................................................................................................................2

Fed.R.Civ.P. 37.................................................................................................................................2

Fed.R.Civ.P. 6(b)(1)(B) ....................................................................................................................2

**PRELIMINARY STATEMENT**

Plaintiff's untimely motion should not be considered by the Court, and even if the Court considers Plaintiff's Opposition, all evidence supports that the Parties' entered into a binding and enforceable settlement.[1] Plaintiff filed her Opposition a week late, and the filing misstates applicable law and provides no support her position that the settlement should not be enforced. (Dkt. 42) (the "Opposition").

Plaintiff Suada Hadzijic ("Plaintiff"), represented by pro bono counsel, and Defendants, Art Food LLC ("Art Food") and Diana Getchius (together, "Defendants") (collectively the "Parties") engaged in a full day, virtual mediation resulting in the execution of a binding and enforceable Settlement Terms Summary Sheet (the "Term Sheet").

The Term Sheet specifically states that it is a confidential, binding agreement, which encompasses all terms of the settlement. Defendants and Plaintiff's pro bono counsel, for the limited purposes of mediation, drafted the Term Sheet to be unambiguously binding. While the Term Sheet reflected Plaintiff's agreement to sign a separate Non Disclosure Agreement, based on the express language of the binding Term Sheet, such separate agreement was not a condition precedent to a binding settlement. In fact, the separately drafted Non Disclosure Agreement, which Plaintiff received the day of mediation, states that the Non Disclosure Agreement is not incorporated into the Settlement Agreement if Plaintiff revokes the Non Disclosure Agreement. And further as relayed to the Court, Defendants are willing to move forward and provide the consideration set forth in the Term Sheet without any further confidentiality agreement rendering the issue moot. Accounting for the combination of the Court's encouragement of mediation through the Court's program, the language of the Term Sheet, Plaintiff's representation by counsel at the mediation, and the Mediator's report of the settlement, Plaintiff's assertion that she did not

---

[1] Defendants rely on their arguments in Defendants' Motion to Enforce the Settlement ("Def. Motion to Enforce") (Dkt. 39-41).

1

know she was signing a binding agreement is simply specious and opens the door to all plaintiffs challenging resolutions achieved at the mediation table.

## ARGUMENT

### I. The Court Should Not Consider Plaintiff's Untimely Opposition

The Court should not consider Plaintiffs' Opposition because Plaintiff failed to provide any reason, let alone a convincing one, for filing her opposition a week late. Under Federal Rules of Civil Procedure 16(f) and 37, if a party "fails to obey a scheduling or other pretrial order," a court may "strik[e] pleadings in whole or in part" as a sanction. Fed.R.Civ.P. 16(f)(1)(C). Under Rule 6(b)(1)(B), a "court may, for good cause, extend the time" for a party to act if the party failed to act due to "excusable neglect." Excusable neglect includes when the movant's excuse has some merit, and the delay is caused by circumstances beyond the control of the party seeking relief, inadvertence, mistake, or carelessness. LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995).

First and foremost, Plaintiff was clearly aware of her filing deadline. On June 3, 2025, the Parties attended a pre-motion conference before Your Honor. Defendants were asked how long they needed to file their motion, in response to which Defendants requested two weeks (until June 17, 2025). Your Honor then asked Plaintiff how long she needed to oppose the motion and suggested two-weeks was typical. Plaintiff agreed to file any opposition by July 1, 2025. The deadline for Defendants' reply was set for July 15, 2025. Your Honor inquired whether the Parties could meet the proposed deadlines with the upcoming Fourth of July holiday weekend, in response to which both Plaintiff and Defendants affirmed they could each meet the deadlines set by the Court and the Court then memorialized the deadlines on the docket. Nonetheless, Plaintiff filed her opposition a week late, prejudicing Defendants by cutting their response time in half.

This case is similar to Nugent v. Whole Foods Mkt. Group., Inc. where the court denied plaintiff's untimely motion because plaintiff had clear notice of the deadline and filed an untimely motion regardless of such deadline. Nugent v. Whole Foods Mkt. Group., Inc., No. 3:22-cv-899-JAM, 2023 U.S. Dist. LEXIS 53643, at *9 (D. Conn. March 29, 2023).

Further, Plaintiff failed to provide any reason for her untimely filing. A conscious decision to file her Opposition late is not grounds for relief. In re Mother Hubbard, Inc., 152 B.R. 189, 194 (Bankr. W.D. Mich. 1993) ("Although [the creditor] may have made a bad decision in failing to timely file his claim, making such a conscious decision is not 'excusable.' Indeed [the creditor's] decision is not 'neglect' -- it was a voluntary omission within his sole control."); Gittens-Bridges v. City of New York, No. 19-cv-272-ER , 2022 U.S. Dist. LEXIS 58971, at *13 (S.D.N.Y. Mar. 30, 2022) (striking plaintiff's brief and supplemental papers in opposition to defendant's summary judgment motion because they were untimely filed, without consent from defendant or permission from the court, "on the deadline for Defendant's reply"); Atkins v. Chappius, No. 13-cv-00956-CJS, 2020 U.S. Dist. LEXIS 197745, at *11-12 (W.D.N.Y. Oct. 23, 2020) (striking untimely declaration filed by habeas counsel who failed to establish "excusable neglect" for violating the court's scheduling order).

Lastly, Plaintiff's late filing has prejudiced Defendants, as the time for Defendants to file a reply motion was reduced in half. The Court should strike Plaintiff's Opposition (Dkt. 42) and treat Defendants' Motion to Enforce the Settlement (Dkt. 39-41) as unopposed.

## II. The Twenty-One Day Consideration Period of the General Obligations Law § 5-336 Is Not Applicable to the Binding and Enforceable Term Sheet

Plaintiff's Opposition, regardless of being untimely, is also without merit and misstates the law. At mediation, the Parties agreed, in addition to entering into a Term Sheet which set forth all material terms of the settlement, to also enter into a separate Non Disclosure Agreement. Plaintiff

would have twenty-one days to consider such pursuant to New York General Obligations Law ("GOL") § 5-336.  Vitally, the settlement, as set forth in the Term Sheet, is not contingent on the Parties entering into a separate Non Disclosure Agreement. Further, in Def. Motion to Enforce at 6 (FN1), Defendants reiterate that they are willing to forgo the additional Non Disclosure Agreement and rely on the confidentiality and non-disparagement provisions set forth in the Term Sheet. Defendants, again, reaffirm that they will provide the consideration based solely on the executed Term Sheet which "contains all material terms to the settlement of the lawsuit."

Plaintiff's assertion, that New York Law requires all settlement agreements resolving claims of discrimination to have a twenty-one day waiting period is simply false. GOL § 5-336 only applies to terms and conditions that would prevent the disclosure of underlying facts or circumstances of the claim. The Term Sheet, on the other hand includes a provision where Plaintiff agrees not to disclose any information regarding the Term Sheet or the settlement terms. The Term Sheet does not implicate GOL § 5-336 and is enforceable without a twenty-one day consideration period. Shah v. Wilco Sys., Inc., 81 A.D.3d 454, 455 (N.Y. App. Div. 1st Dep't. 2011) (the court enforced a settlement where a mediation agreement manifested the intent of the parties to be bound by its terms and the fact that the parties agreed to execute an additional confidentiality agreement, and failed to do so, did not render the mediation agreement invalid).

Plaintiff argues, without any supporting authority that forgoing a twenty-one day consideration period for "contravenes New York employment law and the public policy it embodies" (Opposition at 2). Allowing Plaintiff, who had the benefit of counsel, and a full day mediation before a neutral third party, to skirt the settlement she agreed to would contradict the public policy rationale for pre-trial settlements and the purpose of the United States District Court for the Southern District of New York's Mediation Program. The Term Sheet, as written and fully

executed by the Parties, does not implicate GOL § 5-336.  The Term Sheet is binding regardless of whether Plaintiff signs a separate Non Disclosure Agreement.

**III.    The Term Sheet is Binding and Enforceable Based on Plain Language**

As detailed in Defendant's initial brief, it is unquestionable that the Term Sheet is a binding settlement agreement. The Term Sheet satisfies all Winston factors. Winston v. Mediafare Ent. Corp., 777 F.2d 78, 80 (2d Cir. 1985).

Under the first Winston factor, the Parties clearly intended to be bound by the Term Sheet. The Term Sheet, which Plaintiff signed is enforceable based on its plain language. The Term Sheet states, "WHEREAS Suada Hadzijic ("Plaintiff") and Art Food LLC ("Corporate Defendant") and Diana Getchius (together "Defendants"), (collectively with Plaintiff, the "Parties) **agree to the material terms of a settlement** in the above referenced mediation presided over by Brian Gallagher, Esq." (emphasis added). Adjustrite Sys. v. GAB Bus Servs., 145 F.3d at 548, (2d Cir. 1998); Macleod v. Post Graduate Ctr. For Mental Health, No. 14-cv-10041-ALC-JCF, 2016 U.S. Dist. LEXIS 137829 (S.D.N.Y. Sept. 30, 2016) (the court enforced a settlement agreement where "the parties have reached an agreement to settle the above referenced lawsuit but also anticipated further documentation, such as execution of a full release of claims").

The second Winston factor, whether there has been partial performance, also weighs in favor that the Parties intended to be bound by the Term Sheet. Defendants immediately started drafting the supplemental long form settlement agreement and exchanged multiple rounds of revisions with Plaintiff's pro bono counsel. Courts have consistently held that drafting supplemental documentation satisfies the second Winston factor. Williams v. City of New York, No. 14-cv-183-NGG-LB, 2015 U.S. Dist. LEXIS 13631 (E.D.N.Y. Oct. 5, 2015); Watson v. City of New York, No. 11-cv-335 (CBA)(CLP), 2012 U.S. Dist. LEXIS 172310 (E.D.N.Y. Oct. 24,

2012); Bravo v. Grand Review, LLC, No. 15-cv-0030 (DLI)(CLP), 2016 U.S. Dist. LEXIS 36441 (E.D.N.Y. Mar. 18, 2016).

The third Winston factor, whether all material terms have been agreed upon, is also met. The Term Sheet specifies the monetary amount that Corporate Defendant agreed to pay Plaintiff, the tax treatment of the payment, and the timing of the payment.

The fourth and final Winston factor, also is satisfied. The fourth factor looks at whether the agreement would be one that would be deduced to writing. Here, the agreement is in writing and signed by all Parties. McLeod v. Post Graduate Ctr. For Mental Health, No. 14-cv-10041-ALC-JCF, 2016 U.S. Dist. Lexis 137829 (S.D.N.Y. Sept. 30, 2016) (memorandum of understanding filled out at end of mediation constituted a writing favoring enforcement under the fourth Winston factor). The Court should enforce the Parties' settlement as it is clear that the Parties both intended to be bound by the Term Sheet.

## **CONCLUSION**

Plaintiff, in her untimely filing, fails to provide any support for her assertion that the Term Sheet is not binding. Defendants have provided the Court with detailed support for its position that the Parties entered into a binding agreement where Plaintiff released all her claims against Defendants and have foregone the right to require the further confidentiality agreement. As such, Defendants respectfully request the Court to enforce the Parties' settlement. A decision otherwise would allow the NY General Obligations Law to be used to obviate any matter resolved at mediation with a binding term sheet in which the parties agreed to a subsequent confidentiality agreement related to underlying facts.

Dated: July 15, 2025         JACKSON LEWIS P.C.
       New York, New York

                                  666 Third Avenue, 28th Floor
                                  New York, NY 10017
                                  T: (212) 545-4000

Richard.Greenberg@jacksonlewis.com

By: *s/Richard Greenberg*
Richard Greenberg

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 15, 2025 the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Ms. Suada Hadzijic
120 Vermilyea Ave.
Apt. A41
New York, NY 10034

                                              *s/Annabel R. Stanley*
                                              Annabel R. Stanley