UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUADA HADZIJIC.,

                      Plaintiff,

        -against-

ART FOOD LLC, and DIANA GETCHIUS

                      Defendants.

Index No.: 24-cv-7205-LGS-GWG

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENFORCE THE PARTIES' SETTLEMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................. 2

LEGAL STANDARD ......................................................................................................................... 4

ARGUMENT ....................................................................................................................................... 4

I.  The Winston Factors Support Enforcement Of the Settlement Agreement. ............................................................................................................................ 5

    A.  The Term Sheet is Binding and Enforceable Based on Plain Language ............................................................................................................... 5

    B.  The Parties Engaged in Partial Performance ............................................. 7

    C.  The Settlement Defined All Material Terms and Was In Writing ........................................................................................................................ 8

II. Plaintiff Was Not Coerced To Sign The Settlement Agreement ....................................... 9

CONCLUSION .................................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                        **Page(s)**

Adjustrite Sys. v. GAB Bus Servs.,
   145 F.3d (2d Cir. 1998)..................................................................................................6

Alli v. Renee,
   No. 21-cv-09470-PGS-SN, 2024 U.S. Dist. LEXIS 237122 (S.D.N.Y. Nov.
   21, 2024) ........................................................................................................................8

Bravo v. Grand Review, LLC,
   No. 15-cv-0030-DLI-CLP, 2016 U.S. Dist. LEXIS 36441 (E.D.N.Y. Mar. 18,
   2016) ..............................................................................................................................7

Cardona v. Community Access, Inc.,
   No. 11-cv-4129, 2013 U.S. Dist. LEXIS 10778 (E.D.N.Y. Jan. 25, 2013) ...............................8

Culmone-Simeti v. New York City Dep't of Educ.
   No. 17-cv-2313-ER, U.S. Dist. LEXIS 115270 (S.D.N.Y July 11, 2018) ...............................9

Elliot v. City of New York,
   No. 11-cv-7291, 2012 U.S. Dist. LEXIS 126133 (S.D.N.Y. Aug. 31, 2012)....................4, 5, 8

Elliot v. City of New York,
   No. 11-cv-7291, U.S. Dist. LEXIS 126133 (S.D.N.Y. Sept. 5, 2012) ......................................7

Gaughan v. Rubenstein,
   261 F. Supp. 3d (S.D.N.Y. 2017) ........................................................................................9

Goldman v. C.I.R.,
   39 F.3d 402 (2d Cir. 1994)..................................................................................................5

Granger v. Manhattan & Bronx Surface Transit Operating Auth.,
   No 13-cv-3569-JMF, U.S. Dist. LEXIS 113780 (S.D.N.Y. Aug. 15, 2014) .............................9

Granger v. Manhattan and Bronx Surface Transit Operating Authority,
   No. 13 Civ. 3569, 2014 U.S. Dist. LEXIS 113780 (S.D.N.Y. Aug. 15, 2014) .........................9

Janneh v. GAF Corp.,
   887 F.2d 432 (2d Cir. 1989)................................................................................................5

Little v. Greyhoud Lines, Inc.,
   No. 04-cv-6735-RCC, 2005 U.S. Dist. LEXIS 22247 (S.D.N.Y. Sept. 29,
   2005) ..........................................................................................................................5, 7

Macleod v. Post Graduate Ctr. For Mental Health,
   No. 14-cv-10041-ALC-JCF, 2016 U.S. Dist. LEXIS 137829 (S.D.N.Y. Sept.
   30, 2016) ..........................................................................................................................6, 8

Meetings & Expositions, Inc. v. Tandy Corp.,
   490 F.2d 714 (2d Cir. 1974).............................................................................................3

Murphy v. Inst. Of Int'l Educ.,
   No. 19-cv-1528-ALC-RWL, 2020 U.S. Dist. LEXIS 133807 (S.D.N.Y. July 2,
   2020) ...................................................................................................................5, 6, 7, 9

Opals on Ice Lingerie v. Bodylines Inc.,
   320 F.3d 362 (2d Cir. 2003)..............................................................................................3

Powell v. Omnicom,
   497 F.3d 124 (2d Cir. 2007)..........................................................................................3, 4

Quinones v. Police Dep't of N.Y.,
   No. 10-cv-6195-JGK-JLC, 2012 U.S. Dist. LEXIS 51697 (S.D.N.Y. Apr. 12,
   2012) .................................................................................................................................4

Red Ball Interior Demolition Corp. v. Palmadessa,
   173 F.3d 481 (2d Cir. 1999)..............................................................................................3

Register.com, Inc. v. Verio, Inc.,
   356 F.3d 393 (2d Cir. 2004)..............................................................................................3

Steinfeld v. IMS HealthInc.,
   No. 10-cv-3301-CS-LMS, 2014 U.S. Dist. LEXIS 56178 (S.D.N.Y. Feb. 14,
   2014) .................................................................................................................................4

Suarez v. SCF CEDAR, LLC,
   No. 13-cv-7420-ALC-RLE, 2016 U.S. Dist. LEXIS 34064 (S.D.N.Y. March
   14, 2016) ...........................................................................................................................5

Watson v. City of New York,
   No. 11-cv-335-CBA-CLP, 2012 U.S. Dist. LEXIS 172310 (E.D.N.Y. Oct. 24,
   2012) .................................................................................................................................7

Willgerodt on Behalf of Majority Peoples' Fund for 21st Century, Inc. v. Hohri,
   953 F. Supp. 557 (S.D.N.Y. 1997) ...................................................................................8

Williams v. City of New York,
   No. 14-cv-183-NGG-LB, 2015 U.S. Dist. LEXIS 13631 (E.D.N.Y. Oct. 5,
   2015) .................................................................................................................................7

Winston v. Mediafare Ent. Corp.,
   777 F.2d 78 (2d Cir. 1985).....................................................................................4, 5, 7, 8

Wright v. Eastman Kodak Co.,
  445 F. Supp. 2d 314 (W.D.N.Y. 2006) ...................................................................................... 8

**Statutes**

Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ............................................ 1

Civil Rights Act of 1964 Title VII, 42 U.S.C. §§ 200e-200e-17 ...................................................... 1

New York State Human Rights Law, N.Y. Exec Law §§ 290-297 ................................................... 1

Defendants Art Food LLC (the "Corporate Defendant") and Diana Getchius (collectively "Defendants"), by and through their undersigned counsel Jackson Lewis P.C., respectfully submit this Memorandum of Law in Support of their Motion for an Order Enforcing the Parties' Settlement in this action. Settlement was reached between the parties on April 15, 2025, at a virtual, Court-Ordered mediation, held before Brian Gallagher, Esq. The terms of the settlement were agreed upon and memorialized in binding terms and fully executed by both Plaintiff and Defendants. As such, Defendants respectfully request that the Court enforce the Settlement Agreement.

## PRELIMINARY STATEMENT

After Plaintiff Suada Hadzijic ("Plaintiff") filed a Complaint (Dkt. 1) asserting that she was discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e-200e-17, ("Title VII"), Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"), and New York State Human Rights Law, N.Y. Exec Law §§ 290-297 ("NYSHRL"), both Plaintiff and Plaintiff's pro bono counsel, for the limited purpose of mediation, approached Defendants regarding the prospect of settlement. (See Exhibit A).[1] After some initial discussions, as the parties had not received a referral to mediation, the parties jointly agreed to mediate the dispute through the court's mediation program. (Dkt. 26). On behalf of Defendants, we could not have been clearer that we needed a mediator to assist the parties in reaching a compromise as both parties had advised the adversary of their demands and offers. (Annabel Stanley Declaration ("Decl.") ¶ 17). On March 13, 2025, the case was referred to mediation before a Court appointed mediator. (Dkt. 28). On April 15, 2025, the Parties engaged in a full day, virtual mediation. (Decl. ¶ 19). During this mediation, in which the mediator followed all standard protocols and advised the parties of the process and binding nature of the proceedings, Defendants made numerous

---

[1] All Exhibits referenced throughout this Memorandum of Law are appended to Annabel R. Stanley's Declaration in Support of Defendants' Motion to Enforce the Settlement.

1

compromises and the parties reached a financial settlement. (Decl. ¶ 22). Before the session ended, Defendants and Plaintiff's pro bono counsel exchanged several drafts and then executed a binding and enforceable Settlement Terms Summary Sheet (the "Term Sheet"). (Exhibit C). The Term Sheet specifically states, "WHEREAS the terms set forth in this Confidential Settlement Terms Summary Sheet ("Term Sheet") shall be binding and enforceable, notwithstanding the Parties' intention to subsequently execute a full form written settlement agreement." (Exhibit C). Defendants understood the matter was resolved, and the Mediator submitted a report of settlement to Judge Lorna Schofield's Clerk. (Decl. ¶ 26). In the context here, with the combination of the Court's encouragement of mediation through the Court's program, the language of the Term Sheet, Plaintiff's representation by counsel, and the Mediator's report, Plaintiff's assertion that she did not know she was signing a binding agreement is simply specious and opens the door to all plaintiffs challenging resolutions achieved at the mediation table.

## STATEMENT OF FACTS

On September 23, 2024, Plaintiff filed a pro se Complaint in the Southern District of New York. (Dkt. 1). On November 11, 20204, Natalie Tecimer issued a Notice of Appearance as pro bono counsel for the limited purpose of mediation. (Dkt. 15). The Parties engaged in initial discovery, exchanging requests for documents, interrogatories, initial disclosures, and responses to such. (Decl. ¶¶ 8-15). On February 24, 2025, Defendants sent Plaintiff a deficiency letter based on her failure to respond to numerous document requests and interrogatories. (Decl. ¶ 15). On March 10, 2025, Defendants also sent Plaintiff a notice of her deposition and reiteration that Defendants expected supplemental production in response to the deficiency letter before Plaintiff was deposed. (Decl. ¶ 15). On March 10, 2025, Plaintiff replied "would you like to discuss a settlement amount before moving forward with the process?" (See Exhibit A).

Defendants responded that at that time, Defendants did not see the benefit of further settlement discussions absent mediation. (Decl. ¶ 17). Defendants were adamant that any settlement discussion occur in mediation in order engage with Plaintiff's pro bono counsel who could help Plaintiff understand the legal process. (Decl. ¶ 17). Plaintiff indicated that she would like to engage in mediation and on March 12, 2025, Defendants filed a request for a Mediation Referral Order and to stay discovery until after the Parties engage in the Court referred Mediation Program. (Dkt. 21).

On April 15, 2025, the Parties engaged in a remote mediation. (Decl. ¶ 19). The mediation started in a joint caucus in which the mediator explained the purpose of mediation and the effect of settlement if reached at any point during the mediation. (Decl. ¶ 20). This was a full day mediation in which the Parties exchanged numerous offers and demands. (Decl. ¶¶ 21-22). At the end of the day, the Parties agreed to a monetary amount. (Decl. ¶ 22). After the monetary amount was agreed to, while still before the mediator, the Parties drafted the Term Sheet which included all material terms of the settlement. (Decl. ¶ 23). The mediator did not end the mediation until the terms of the Term Sheet were finalized and fully executed. (Decl. ¶ 24). Once the Term Sheet was fully executed, the mediator thanked the respective Parties, congratulated the Parties for ending the litigation, and ended the mediation. (Decl. ¶ 25).

On April 29, 2025, the Court, having been informed by the mediator of the settlement (Dkt. 29), closed the case. (Dkt. 30). On May 16, 2025, Plaintiff moved to reopen the case, stating that despite having pro bono counsel, and a full day mediation where a mediator explained the purpose of mediation and the effects of a settlement, she did not understand she was entering into an enforceable agreement and the case should be reopened. (Dkt. 30).

## LEGAL STANDARD

A district court has the power to enforce a settlement agreement reached in a case that was pending before it. Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974). A settlement agreement is governed by contract law. Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007); Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999). An enforceable settlement agreement comes into being if there is "an offer, acceptance, consideration, mutual assent, and intent to be bound." Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004). The parties must agree "on all essential terms," Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362, 372 (2d Cir. 2003). "[O]nce reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing." Elliot v. City of New York, No. 11-cv-7291, 2012 U.S. Dist. LEXIS 126133 at *3 (S.D.N.Y. Aug. 31, 2012).

## ARGUMENT

"It is well-settled that a settlement agreement is presumptively binding and conclusive" and, as settlement agreements "are strongly favored by New York courts" they "may not be lightly cast aside." Quinones v. Police Dep't of N.Y., No. 10-cv-6195-JGK-JLC, 2012 U.S. Dist. LEXIS 51697 at *11 (S.D.N.Y. Apr. 12, 2012) citing Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007). A preliminary agreement may be binding even where parties intend to later memorialize a long form agreement. Steinfeld v. IMS HealthInc., No. 10-cv-3301-CS-LMS, 2014 U.S. Dist. LEXIS 56178 (S.D.N.Y. Feb. 14, 2014), adopted by No. 10-cv-3301-CS, 2014 U.S. Dist. LEXIS 55420 (S.D.N.Y. Apr. 21, 2014). Under well-settled law within the Second Circuit, the facts presented here demonstrate that the Parties entered into a mutually binding settlement agreement.

4

**I.      The Winston Factors Support Enforcement Of the Settlement Agreement.**

The Second Circuit assesses four factors to determine if parties intended to be bound by an agreement, all of which, here, weigh in favor of enforcing settlement. Courts look at the following factors: "(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." Winston v. Mediafare Ent. Corp., 777 F.2d 78, 80 (2d Cir. 1985).

### A.      The Term Sheet is Binding and Enforceable Based on Plain Language

Under the first Winston factor, the Parties clearly intended to be bound by the Term Sheet. The Term Sheet is enforceable based on its plain language. See e.g., Little v. Greyhoud Lines, Inc., No. 04-cv-6735-RCC, 2005 U.S. Dist. LEXIS 22247, at *3 (S.D.N.Y. Sept. 29, 2005); Elliot v. City of New York, No. 11-cv-7291, 2012 U.S. Dist. LEXIS 126133 (S.D.N.Y. Aug. 31, 2012); Janneh v. GAF Corp., 887 F.2d 432 (2d Cir. 1989). "General principles of contract law must govern the interpretation of a settlement agreement." Suarez v. SCF CEDAR, LLC, No. 13-cv-7420-ALC-RLE, 2016 U.S. Dist. LEXIS 34064, at *3 (S.D.N.Y. March 14, 2016) (citing Goldman v. C.I.R., 39 F.3d 402, 405 (2d Cir. 1994)). "To determine whether a settlement agreement was agreed to, the Court looks first to the plain language of the agreement." Id. "For a contract to be valid under New York law, there must be an offer, acceptance, consideration, mutual assent, and an intent to be bound. When the terms of a contract are clear, the subjective intent of the Parties is irrelevant." Id.

The Term Sheet, which Plaintiff signed, states "WHEREAS Suada Hadzijic ("Plaintiff") and Art Food LLC ("Corporate Defendant") and Diana Getchius (together "Defendants"), (collectively with Plaintiff, the "Parties) **agree to the material terms of a settlement** in the above

5

referenced mediation presided over by Brian Gallagher, Esq." (emphasis added). (Exhibit C). It is unquestionable that the Term Sheet was a binding settlement agreement. This case is nearly identical to Murphy v. Inst. Of Int'l Educ., No. 19-cv-1528-ALC-RWL, 2020 U.S. Dist. LEXIS 133807 (S.D.N.Y. July 2, 2020). In Murphy, the court referred the pro se plaintiff and defendant to court referred mediation. At mediation, the plaintiff had a pro bono attorney for the limited purpose of mediation. At the conclusion of mediation, the parties signed a Mediation Agreement outlining the material terms of the settlement. However, after counsel negotiated the long form settlement agreement, plaintiff refused to sign. Plaintiff sought to continue litigating and defendant filed a motion to enforce the agreement. The court determined that the Mediation Agreement was binding.

Similar to Murphy, Plaintiff, who was represented by pro bono counsel, entered into a binding Term Sheet, which set forth all material terms, at the end of a full day mediation. (Exhibit C). The Second Circuit recognizes an agreement as binding when the parties "agree on all the points that require negotiation (including whether to be bound) but agree to memorialize their agreement in a more formal document." Adjustrite Sys. v. GAB Bus Servs., 145 F.3d at 548, (2d Cir. 1998); Macleod v. Post Graduate Ctr. For Mental Health, No. 14-cv-10041-ALC-JCF, 2016 U.S. Dist. LEXIS 137829 (S.D.N.Y. Sept. 30, 2016) (the court enforced a settlement agreement where "the parties have reached an agreement to settle the above referenced lawsuit but also anticipated further documentation, such as execution of a full release of claims").

Here, the Term Sheet set forth the amount of money Corporate Defendant would pay Plaintiff for a release of all claims stated in Plaintiff's Complaint, the timing of the payment, the tax treatment of the payment, a confidentiality provision, a non-disparagement provision, and the

timing for entering into a long form settlement agreement.[2] (Exhibit C). Further, the Parties Term Sheet clearly indicates the intent to agree to the settlement. (Exhibit C). The Term Sheet states that the Parties "agree to the material terms of a settlement," "it is stipulated and agreed by and among the Parties," "Corporate Defendant agrees to pay Plaintiff the total monetary sum," "Plaintiff agrees to release all claims she has or may have against Defendants," and " the Parties affirm that on April 15, 2025, they freely, knowingly, and voluntarily entered into this Term Sheet, which contains all material terms to the settlement of the lawsuit." (Exhibit C). Courts routinely enforce settlements where material terms have been agreed to and signed off on. Murphy v. Inst. Of Int'l Educ., No. 19-cv-1528-ALC-RWL, 2020 U.S. Dist. LEXIS 133807 (S.D.N.Y. July 2, 2020) (the court enforced settlement where the agreement signed at the end of mediation was titled "Mediation Agreement" and "the precatory language: 'IT IS HEREBY AGREED by and between the parties and/or their respective counsel.'" and the end of the "introductory sentence: 'agreement has been reached on all issues.'"); Little v. Greyhound Lines, Inc., No. 04 Civ. 6735, 2005 U.S. Dist. LEXIS 22247 (S.D.N.Y. Sept. 30, 2005); Elliot v. City of New York, No. 11-cv-7291, U.S. Dist. LEXIS 126133 (S.D.N.Y. Sept. 5, 2012). Plaintiff and Defendants entered into a binding settlement and the plain language of the agreement supports the finality of this Action. The first Winston factor undoubtedly weighs in favor of the Parties' intent to be bound by the Term Sheet.

### B.     The Parties Engaged in Partial Performance

The second Winston factor also weighs in favor of the fact that the Parties intended to be bound by the Term Sheet. For example, Defendants immediately started drafting the supplemental long form settlement agreement and exchanged multiple rounds of revisions with Plaintiff's pro

---

[2] The Non-Disclosure Agreement and the long form Settlement Agreement referenced in the Term Sheet are essentially the same further documentation referenced above but are referred to separately in the Term Sheet due to process. Defendants are willing to forgo the additional long form agreement and rely on the confidentiality and non-disparagement provisions set forth in the Term Sheet for the enforcement of settlement.

7

bono counsel. On May 9, 2025, pro bono counsel responded to Defendants email with the edited Settlement Agreement, "we can consent to these changes… we will try to get this signed early next week." (See Exhibit B). Courts have consistently held that drafting supplemental documentation satisfies the second Winston factor. Williams v. City of New York, No. 14-cv-183-NGG-LB, 2015 U.S. Dist. LEXIS 13631 (E.D.N.Y. Oct. 5, 2015); Watson v. City of New York, No. 11-cv-335 (CBA)(CLP), 2012 U.S. Dist. LEXIS 172310 (E.D.N.Y. Oct. 24, 2012); Bravo v. Grand Review, LLC, No. 15-cv-0030 (DLI)(CLP), 2016 U.S. Dist. LEXIS 36441 (E.D.N.Y. Mar. 18, 2016).

### C.     The Settlement Defined All Material Terms and Was In Writing

The third and fourth Winston factors have also been met. The third Winston factor assesses whether all material terms have been agreed upon. The Terms Sheet specifies the monetary amount that Corporate Defendant agreed to pay Plaintiff, the tax treatment of the payment, and the timing of the payment. (Exhibit C). The Term Sheet also included confidentiality and non disparagement provisions. (Exhibit C). The Parties agreed to the central terms of the agreement, and the Term Sheet went far beyond a broad outline of settlement. Alli v. Renee, No. 21-cv-09470-PGS-SN, 2024 U.S. Dist. LEXIS 237122, at *15-16 (S.D.N.Y. Nov. 21, 2024).

The fourth and final Winston factor, has been satisfied. The fourth factor looks at whether the agreement would be one that would be deduced to writing. Here, the agreement is in writing and signed by all Parties. McLeod v. Post Graduate Ctr. For Mental Health, No. 14-cv-10041-ALC-JCF, 2016 U.S. Dist. Lexis 137829 (S.D.N.Y. Sept. 30, 2016) (memorandum of understanding filled out at end of mediation constituted a writing favoring enforcement under the fourth Winston factor). Since all Winston factors weigh in favor of the Parties intent to be bound by the Term Sheet, this Court should enforce the settlement.

## II.   **Plaintiff Was Not Coerced To Sign The Settlement Agreement**

Plaintiff was represented by counsel and attended a mediation before a Court appointed mediator. (Dkt. 15). Plaintiff was well represented and advised by the mediator of the enforceability of the agreement before she entered into it. This Court has consistently held that afterthought or change of mind is not sufficient grounds to justify rejecting a settlement. Cardona v. Community Access, Inc., No. 11-cv-4129, 2013 U.S. Dist. LEXIS 10778, at *10 (E.D.N.Y. 2013) (citing Willgerodt on Behalf of Majority Peoples' Fund for 21st Century, Inc. v. Hohri, 953 F. Supp. 557, 560 (S.D.N.Y. 1997)); Elliot v. City of New York, No. 11-cv-7291, 2012 U.S. Dist. LEXIS 126133 (S.D.N.Y. Aug. 31, 2012); Wright v. Eastman Kodak Co., 445 F. Supp. 2d 314, 317-18 (W.D.N.Y. 2006) (that the plaintiffs "believe[d] that they should have held out for more," was "not a legitimate basis to set aside an otherwise valid release").

Plaintiff's attempt to escape her obligations under the Term Sheet due to duress is inconceivable. "Findings of duress that permit a party to disown its obligations under a contract. . . are reserved for extreme and extraordinary cases." Granger v. Manhattan and Bronx Surface Transit Operating Authority, No. 13 Civ. 3569, 2014 U.S. Dist. LEXIS 113780 at *4 (S.D.N.Y. Aug. 15, 2014). A showing of duress requires proving duress by physical compulsion, duress by threat, or duress by undue influence. Murphy v. Inst. Of Int'l Educ., No. 2020 U.S. Dist. LEXIS 133807 (S.D.N.Y. July 2, 2020). None are relevant here. Plaintiff's claim that she had her baby with her and was distracted and felt pressured to end the mediation does not amount to duress. Feelings of nervousness, confusion, and being pressured are not legally sufficient to establish duress. See, e.g., Gaughan v. Rubenstein, 261 F. Supp. 3d, 390 at 403 (S.D.N.Y. May 23, 2017) (no duress where plaintiff "felt pressured to sign the documents"). Further, legally cognizable duress needs to originate from the defendant. Murphy v. Inst. Of Int'l Educ., No. 2020 U.S. Dist. LEXIS 133807 at *34 (S.D.N.Y. July 2, 2020); Granger v. Manhattan & Bronx Surface

Transit Operating Auth., No 13-cv-3569-JMF, U.S. Dist. LEXIS 113780 (S.D.N.Y. Aug. 15, 2014) (plaintiff's reliance on conduct of union representative "fails because pressure exerted by [plaintiff's] own agents cannot constitute duress as a matter of law"). Plaintiff and Defendants were in separate caucuses during the mediation and when brought together into the same virtual zoom room, Defendants did not speak directly at Plaintiff other than to introduce themselves and thank Plaintiff for her time to mediate. Further, the mediator never informed Defendants that Plaintiff wanted to end the mediation. Even more prudent, strict deadlines for acceptance also does not qualify as duress. Culmone-Simeti v. New York City Dep't of Educ., No. 17-cv-2313-ER, U.S. Dist. LEXIS 115270 at *6 (S.D.N.Y July 11, 2018). Plaintiff was present, represented by pro bono counsel, and voluntarily entered into the binding and enforceable Term Sheet.

## CONCLUSION

Defendants took all precautionary measures to ensure if a settlement was reached it would be enforceable. Defendants engaged with Plaintiff in a forum where Plaintiff had the benefit of pro bono counsel. Mediation was before an unbiased Court appointed mediator. The Mediation was a full day. The Mediator explained the purpose of mediation and the effects of entering into a binding mediation. The Parties did not end mediation until a Term Sheet with all material terms was fully executed. As such, Defendants respectfully request that the settlement between Parties be enforced.

Dated: August 8, 2025  
       New York, New York

JACKSON LEWIS P.C.

666 Third Avenue, 28th Floor  
New York, NY 10017  
T: (212) 545-4000  
Richard.Greenberg@jacksonlewis.com

By: *s/Richard Greenberg*  
     Richard Greenberg

10

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2025 the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Ms. Suada Hadzijic
120 Vermilyea Ave.
Apt. A41
New York, NY 10034

                                               *s/Annabel R. Stanley*
                                               Annabel R. Stanley