```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SUADA HADZIJIC,                                 :
                                                              MEMORANDUM OPINION
                    Plaintiff,                  :             24 Civ. 7205 (LGS)(GWG)

          -v.-                                  :

ART FOOD LLC et al.,                            :

                    Defendants.                 :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

Background

  Before the Court is defendants Art Food LLC and Diane Getchius' application to seal a "Confidential Settlement Terms Summary Sheet" (the "Term Sheet") memorializing the parties' purported settlement of the above-captioned action. See Letter from Richard Greenberg, filed Aug. 8, 2025 (Docket # 45) ("Defs.' Letter").

  The Term Sheet is the subject of defendant's motion to enforce, see Notice of Motion to Enforce Settlement, filed Aug. 8, 2025 (Docket # 47), and various aspects of it are discussed in their memorandum of law, which has been filed without redactions, see Defendants' Memorandum of Law in Support of their Motion to Enforce the Parties' Settlement, filed Aug. 8, 2025 (Docket # 48). Indeed, defendants actually quote from the Term Sheet, id. at 2, 5-6, 7, and describe a number of its terms, id. at 6-7.

  Nonetheless, defendants argue the Term Sheet should be filed under seal in its entirety. They argue that they have an interest in avoiding "copycat litigation" and "the appearance that [they] engaged in any wrongdoing." Defs.' Letter at 2. They also advert to the fact that they "entered the settlement with the understanding that the terms of such would remain confidential" and cite to the protective order issued in this action. Id.

Analysis

  There are "two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 163 (2d Cir. 2013).

  The common-law presumption of public access to court documents was described by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Under Lugosch, a court must first determine whether the document sought to be sealed is a "judicial document" to which this presumption attaches. Id. at 119. At the next step of the Lugosch

analysis, the court must determine the weight of the presumption, which "must be governed by the role of the material at issue in the exercise of Article III judicial power" and its "resultant value . . . to those monitoring the federal courts." Id.  Finally, the Court must balance the weight of the presumption against "competing considerations," which include "the privacy interests of those resisting disclosure." Id. at 120 (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir.1995)).

Here, there is no question that the Term Sheet is a judicial document to which the presumption of public access attaches since it is "relevant to the performance of the judicial function and useful in the judicial process." Id. at 119 (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir.1995)); accord Chigirinskiy v. Panchenkova, 319 F. Supp. 3d 718, 737 (S.D.N.Y. 2018).

Next, this presumption is entitled to great weight here.  Judicial documents which "comprise a significant proportion of the . . . record before the Court and . . . pertain to matters that 'directly affect' the Court's adjudication" carry a "heavy" presumption of public access. Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 167-69 (S.D.N.Y. 2018) (quoting Collado v. City of New York, 193 F. Supp. 3d 286, 289 (S.D.N.Y. 2016)).  Here, the Term Sheet pertains to matters that directly affect the Court's adjudication — specifically, defendants' pending motion to enforce the Term Sheet.

As to the competing considerations raised by defendants, the Court does not find that any of those interests would be vindicated by sealing the Term Sheet in its entirety.  As to the issue of avoiding copycat litigation and the "appearance" that defendants engaged in wrongdoing, the plaintiff's allegations of wrongdoing are already available to the public in the form of the publicly filed complaint.  See Complaint, filed Sept. 23, 2024 (Docket # 1).  The fact that there was a purported settlement is already revealed in defendants' motion to enforce, which, as noted, both quotes from and describes the Term Sheet.  As to defendants' argument that they entered the settlement with the understanding that its terms would remain confidential, an agreement between parties as to confidentiality "is not binding here, given the public's right of access to judicial documents." Wells Fargo Bank, N.A. v. Wales LLC, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014) (internal quotation marks omitted); see also Bernsten, 307 F. Supp. 3d at 168 ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.").  Lastly, the protective order issued in this action applies to discovery material, not to any settlement agreement; moreover, it expressly "does not create entitlement to file confidential information under seal." Protective Order, dated Mar. 10, 2025 (Docket # 25), at 1.

Accordingly, with the exception noted below, defendants have not overcome the common-law presumption of public access.  And because the Term Sheet must be unsealed under the common-law standard, we need not reach whether the First Amendment standard would also have required sealing. Farris v. Avon Prods., Inc., 2024 WL 4441811, at *1 (S.D.N.Y. Oct. 7, 2024).

      We make one exception to our ruling: the actual settlement amount.  The settlement amount has no bearing on any issue raised in the defendants' motion.  And we accept that revealing this amount might well inspire copycat litigation.  Thus, the public's interest in learning that dollar amount is outweighed by defendants' privacy interests.  Accordingly, the settlement amount may be redacted from the filed copy of the Term Sheet.  See, e.g., Conway v. Healthfirst Inc., 2024 WL 5359849, at *1 n.2 (S.D.N.Y. Aug. 8, 2024) (in ordering unsealing of settlement agreement, court found that "the settlement sum is not relevant to the Court's decision and the public's interest in that dollar amount is outweighed by the parties' privacy interests"), adopted by, 2025 WL 307458 (S.D.N.Y. Jan. 27, 2025); Acun v. Merrill Lynch, Pierce, Fenner, & Smith, 2020 WL 3002225, at *6 (S.D.N.Y. Jan. 15, 2020) ("I conclude that [settlement materials] should be unsealed, with the exception that the dollar amount of the settlement shall remain under seal and redacted in public filings.") (citation omitted), adopted by, 2020 WL 995887 (S.D.N.Y. Mar. 2, 2020).

      We recognize that we earlier made a ruling allowing the sealing of the Term Sheet.  See Order, dated Aug. 13, 2025 (Docket # 54).  This came about because the pro se plaintiff's letter of August 8, 2025, opposing defendants' motion to enforce the Term Sheet appended an unredacted copy of the Term Sheet.  See Letter from Suada Hadzijic, filed Aug. 8, 2025 (Docket # 51).  Defendants moved to seal this copy, see Letter from Richard Greenberg, filed Aug. 12, 2025 (Docket # 52), and the Court granted the motion the next day.  We made this ruling, however, in light of the fact that the Term Sheet included the settlement amount and without reference to whether other portions of the Term Sheet should be unsealed.  We thus do not consider ourselves bound by the prior determination.  See generally Aramony v. United Way of Am., 254 F.3d 403, 410 (2d Cir. 2001) (law of the case doctrine "is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment") (citation and internal quotation marks omitted).

      In sum, the motion to seal (Docket # 45) is denied with the exception of the settlement amount.  On or before September 30, 2025, defendants shall file a letter attaching the Term Sheet with only the settlement amount redacted.

Dated: September 23, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge