UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SUADA HADZIJIC,
                      Plaintiff,

           -against-

ART FOOD LLC et al.,
                      Defendants.
------------------------------------------------------------X

24 Civ. 7205 (LGS) (GWG)

**ORDER**

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Plaintiff Suada Hadzijic ("Hadzijic") filed this employment discrimination action on September 23, 2024, alleging that Art Food LLC and Diane Getchius ("Defendants") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17; the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213; and the New York State Human Rights Law, N.Y. Exec. Law §§ 290-97.

    WHEREAS, in a Report and Recommendation (the "Report") dated October 10, 2025, Magistrate Judge Gabriel W. Gorenstein recommended (i) granting Defendants' motion to enforce a settlement agreement (the "Term Sheet"), (ii) entering judgment dismissing the case with prejudice and (iii) ordering Defendants to pay the settlement amount to Hadzijic within 30 days of Defendants' receipt from Hadzijic of certain documents specified in the Term Sheet. No objection to the Report was filed.

    WHEREAS, the recommendation in the Report was based on a finding that "[d]uring an April 2025 mediation conference, the parties signed a term sheet that purported to settle the action." Dkt. No. 58 at 1.

WHEREAS, the recommendation in the Report was based on findings that:

On April 15, 2025, a remote mediation conference took place. The mediation started at 10:00 a.m. and lasted until 5:00 p.m. Plaintiff was represented by pro bono counsel. Defendants' counsel and plaintiff's pro bono counsel exchanged several drafts of an agreement to settle before ultimately agreeing to its final terms. The agreement was memorialized in a document entitled "Confidential Settlement Terms Summary Sheet." ("Term Sheet"). The mediator did not end the mediation until the Term Sheet was "fully executed."

*Id.* at 2 (citations omitted).

WHEREAS, the recommendation in the Report was based on findings that "The Term Sheet bears the signatures of [D]efendants' general counsel and Hadzijic," and "recites that [D]efendants and Hadzijic affirmed that they freely, knowingly, and voluntarily entered into this Term Sheet, which contains all material terms to the settlement of the lawsuit." *Id.*

WHEREAS, the recommendation in the Report was based on findings that "Hadzijic does not provide any evidence that the parties did not in fact intend to be bound by the Term Sheet in accordance with their explicit statement that the Term Sheet was binding," *id.* at 6, even under a liberal reading of Hadzijic's filings, a "duress defense fails also because there is no evidence that Hadzijic was not free to leave the mediation conference," *id.* at 8-9, and to the extent that Hadzijic misinterpreted a term of the contract, the mistake was "not one which would make enforcement of this settlement agreement unconscionable," *id.* at 9-10.

WHEREAS, the recommendation in the Report was based on conclusions that certain New York State laws governing non-disclosure agreements in cases involving employment discrimination did not bar enforcement of the Term Sheet. *See id.* at 6, 10-14.

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the

2

face of the record." *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023).[1]  "[F]ailure to object timely to a report [also] waives any further judicial review of the report . . . if the party had received clear notice of the consequences of the failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *accord Mitchell v. Annucci*, No. 21-2784-PR, 2023 WL 7648625, at *3 (2d Cir. Nov. 15, 2023) ("It is well-established that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

WHEREAS, the Report states that the parties "have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections." Dkt. No. 58 at 15.

WHEREAS, the Report states, "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." *Id*.

WHEREAS, the Report was served on October 10, 2025, "by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E).

WHEREAS, no objections to the Report were filed.

WHEREAS, the Court finds no clear error on the face of the record as to the Report. It is hereby

**ORDERED and ADJUDGED** that the Report is **ADOPTED**. Defendants' motion to enforce the Term Sheet is granted. The case is dismissed with prejudice. Defendants shall pay

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

the settlement amount stated in the Term Sheet to Hadzijic within 30 days of Defendants' receipt from Hadzijic of the documents specified in section 7(ii) of the Term Sheet.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 47, and close the case.

Dated: January 14, 2026
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**